IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| GUINDI N GUINDI | § | CASE NO: 04-42262 |
| Debtor(s) | § | |
| | § | CHAPTER  7 |

**MEMORANDUM OPINION
AND ORDER DETERMINING THAT DELL FURANO HAS STANDING
TO BE HEARD IN CONNECTION WITH COMPROMISE OF CONTROVERSY**
(doc ## 84, 85)

For reasons set forth below, the Court concludes that Dell Furano ("Furano") has standing to be heard on matters related to the chapter 7 Trustee's Motion to Compromise Controversy (docket # 84).

FACTS

Guindi N. Guindi ("Debtor") filed a voluntary petition initiating this case under chapter 11 of the Bankruptcy Code on August 31, 2004.  The case was converted to chapter 7 on February 18, 2005, and Kenneth Havis ("Trustee") was appointed chapter 7 trustee.  Except for conducting the creditor's meeting in March, asking for proof of Debtor's social security number, and engaging counsel, the docket does not reflect any activity by the trustee or by anyone else in the case after conversion until mid-2006.

On May 30, 2006, the Trustee and Furano (collectively "Plaintiffs") jointly filed a complaint instituting Adversary Proceeding 06-3406.  In that complaint, Plaintiffs alleged that Alan Schwartz, Lloyd Cymrot, Mark Robbins, Harvey Lerchin, and Steven Dillick ("Defendants") were prosecuting a lawsuit in California state court asserting claims that were property of the estate.  Specifically, Plaintiffs alleged that Defendants were seeking to assert claims for recovery of fraudulent transfers from Debtor to Furano.[1]  Plaintiffs alleged that prosecution of the California lawsuit was in violation of the bankruptcy automatic stay, specifically Bankruptcy Code § 362(a)(3).

On August 10, 2006, in docket # 84, the Trustee sought Court permission to compromise the controversy that was set out in the adversary proceeding.  The proposed agreement between the Trustee and the Defendants would (i) have Defendants pay $20,000 to the Trustee, (ii) release all of Trustee's claims against Defendants, (iii) reduce Defendants' claims against the estate to $100,000 (subordinated to other creditors), and (iv) give the estate a 7.5% interest in any gross recovery from Furano.

---

[1]  Defendants argue that many or most of the claims that they were asserting in California are not Bankruptcy Chapter 5 actions.  Whether there are additional causes of action is not significant to this decision.  It is sufficient for this decision that the allegations of the complaint include allegations that Defendants were pursuing recovery of fraudulent transfers.

At a hearing on abatement of the adversary proceeding pending consideration of the settlement, Furano's counsel indicated that Furano would object to the settlement. On August 11, the Court issued an order setting deadlines for filing objections and requiring the parties to address whether Furano had standing to object to the settlement.

On August 16, the Trustee reported (docket # 93) that Furano had made a $75,000 offer to purchase the estate's claims against him. On September 14, the Trustee reported (docket # 99) that Furano had increased his offer to $100,000.

On September 18, the Trustee filed a motion (docket # 103) stating that he thought it best to establish deadlines and procedures for final and best offers because he thought that the estate could benefit from competitive bidding between Defendants and Furano. At a hearing on September 22 the Court granted the Trustee's request (docket # 117). The procedure allows each party to make a "First Deadline" bid (which would be disclosed to all parties) and then to make a "Final Deadline" best and last offer. The Trustee is required to evaluate the offers and to ask the Court to approve one of them, at a hearing on October 10, 2006.

At the hearing on September 22, it was clear that Defendants and Furano each vigorously contested the value of their adversary's offer and that the party whose bid was not accepted would object vigorously to the Trustee's selection of the opposing offer. Defendants raised the issue of Furano's standing to object, and asked the Court to decide that issue.

## CONCLUSIONS

Defendants extensively briefed the issue of whether Furano is a creditor of this estate, and whether Furano might have standing if he were to become a creditor as a result of the Trustee recovering a fraudulent transfer from him. The Court will not base its decision on the narrow issue of whether Furano is a creditor. Therefore, the Court need not discuss that authority.

Neither party has cited to the Court any definitive authority for the elements of standing that one must meet to entitle one to be heard in a contested matter in bankruptcy court relating to compromise of a controversy. The Court has not located any dispositive authority.

Clearly, an entity that has no stake in the outcome of a proceeding does not have standing to be heard in that proceeding; the Court is not a debating society where volunteers are welcome to appear, as of right, and to argue issues. And this Court has previously concluded that " ... being a defendant in a lawsuit brought by the Trustee, <u>without more</u>, ...[ does not make an entity]... a party in interest that has a right to be heard on bankruptcy case administration." *In re Miller*, 347 BR 48, 52 (Bankr. S.D. Tex. 2006) (emphasis added).

But Furano is more than a defendant in a lawsuit that the Trustee might bring or that Defendants might prosecute, in part, for the benefit of the estate. Furano is the Trustee's co-plaintiff in the lawsuit that this motion proposes to compromise.

In addition, Furano is a competitive bidder to purchase the rights that the Trustee might

assert. The hearing on October 10 will focus on whether the Trustee has properly exercised his business judgment in deciding which offer to accept. The Court would be hard put to deny an unsuccessful bidder the right to be heard on allegations that the Trustee has abused his authority nad has not properly dealt with him. Therefore, if the Trustee accepts Defendants' offer, the Court will hear Furano's objection (i) as co-plaintiff regarding dismissal of the lawsuit, and (ii) as unsuccessful bidder on the asset.

## ORDER

Furano has standing to be heard in connection with the motion to compromise controversy, docket # 84.

SIGNED 09/25/2006.

WESLEY W STEEN
United States Bankruptcy Judge